# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

| | |
|---|---|
| DEBORAH NEFF, | ) |
| | ) |
| Plaintiff, | ) Case: 2:23-cv-02205 |
| | ) |
| v. | ) |
| | ) |
| CHAMPAIGN UNIT 4 SCHOOL DISTRICT, | ) |
| | ) |
| | ) Jury Trial Demanded |
| Defendant. | ) |

## COMPLAINT

Plaintiff, Deborah Neff ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Champaign Unit 4 School District ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA") and the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*. ("ADEA") seeking redress for Defendant's violation of the FMLA, Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in a protected activity under the ADEA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

3. Venue of this action properly lies in the Central District of Illinois, Urbana

Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq.*, have occurred or been complied with.

5. A charge of employment discrimination on basis of age and retaliatory discharge (attached hereto as Exhibit "A").

6. At least sixty (60) days have lapsed since the filing of Plaintiff's charge of employment discrimination with the EEOC thus giving Plaintiff right to sue under the ADEA.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff, Deborah Neff resided in Champaign County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Champaign Unit 4 School District was a local government agency operating in and for Champaign County whose address is 502 Windsor Road, Champaign, Illinois 61820.

9. Plaintiff was employed by Defendant as an "employee" within the meaning of ADEA, 29 U.S.C. §631.

10. During the applicable limitations period, Defendant has had at least twenty employees, has been an "employer" as defined by ADEA 29 U.S.C. §631, and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. §12111(5)(A).

11. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

12. At all times material, Defendant was an "employer" as defined by 29 U.S.C.§ 2611(4).

## BACKGROUND FACTS

13. Plaintiff worked for Defendant as a Teacher's Aide from 2017 until her unlawful termination on or around January 13, 2023.

14. Plaintiff is 57 years old and is a member of a protected class because of Plaintiff's age.

15. Since at least January 13, 2023, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within Plaintiff's protected class.

16. Additionally, Defendant has interfered with Plaintiff's rights under the FMLA.

17. Plaintiff's essential job duties include but were not limited to supporting teachers to ensure a stimulating learning environment, assisting teachers in daily planning as well as lesson planning, and aiding in instructing classes.

18. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of Plaintiff's employment.

19. On or around September 2022, Plaintiff notified Defendant that she may need to take leave in or around January 2023 because her daughter was due to give birth, and she was having a difficult pregnancy.

20. In or about January 2023, Plaintiff's daughter endured a difficult child birth of multiple days, ultimately resulting in a C-section.

21. As a result of the difficult child birth, Plaintiff's daughter was unable to walk for several weeks.

22. During this time, Plaintiff's daughter was incapable of caring for herself.

2:23-cv-02205-CSB-EIL # 1 Filed: 09/21/23 Page 4 of 8

23. Thus, Plaintiff requested FMLA leave to be able to care for her daughter.

24. Defendant immediately denied Plaintiff's FMLA request.

25. Instead, Defendant presented Plaintiff with an ultimatum: resign or face termination.

26. Within a day of Plaintiff requesting leave, Defendant terminated Plaintiff's employment.

27. Defendant assured Plaintiff that if her job was open when she returned, she would be able to continue her employment.

28. After caring for her daughter for approximately three (3) weeks, Plaintiff attempted to return to work, and her position was still open.

29. However, Defendant refused to hire Plaintiff, and instead, told her she could apply for a substitute position, which comes with no benefits, despite the fact that her position was still open.

30. Plaintiff's previous position included benefits, such as health insurance and retirement benefits.

31. Ultimately, Defendant hired a younger individual (approximately 30 years of age) to replace Plaintiff a couple of months after Defendant terminated Plaintiff's employment, and refused to let her return to her position.

32. Defendant's refusal to grant Plaintiff's request for FMLA caused severe emotional distress on both the Plaintiff and her daughter.

33. Despite the severe emotional distress caused by Defendant, Plaintiff did everything she could to timely return to work and fulfill her work responsibilities.

34. However, Defendant refused to let Plaintiff return to work, and instead, wanted

4

Plaintiff to accept a substitute position so it would not have to pay Plaintiff the benefits she was previously earning.

35. Then, Defendant hired a younger individual to replace Plaintiff, despite previously assuring her that she could have her position back if it was open when she returned.

36. As a result, Plaintiff was left without employment and has suffered damages.

## COUNT I
### Violation of the Family and Medical Leave Act
### (FMLA Interference – Unlawful Denial of FMLA Rights)

37. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

38. On or around January 2023, Plaintiff was eligible for FMLA leave.

39. At all times material, Plaintiff gave proper notice to her employer by informing them of her daughter's need for care.

40. Defendant controlled Plaintiff's work schedule and conditions of employment.

41. Plaintiff provided enough information for her employer to know that Plaintiff's potential leave may be covered by the FMLA.

42. Despite Plaintiff's FMLA eligibility, Defendant unlawfully denied Plaintiff's utilization of her FMLA rights.

43. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

44. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Violation of the Family Medical Leave Act
### (FMLA Retaliation)

45. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

46. Defendant terminated Plaintiff after Plaintiff provide notice of a request for FMLA eligible leave.

47. Plaintiff's notice constitutes a request for taking FMLA leave.

48. Defendant terminated Plaintiff because she requested FMLA leave as described above.

49. Specifically, Plaintiff requested FMLA leave when she explained that her daughter was incapable of caring for herself after giving birth.

50. Defendant has intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for having requested to take leave.

51. Plaintiff's request for medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

52. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Violation of the Age Discrimination in Employment Act
### (Age-Based Discrimination)

53. Plaintiff repeats and re-alleges paragraphs 1-36 as if fully stated herein.

54. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, *et seq*.

55. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age (57).

56. Plaintiff met or exceeded performance expectations

57. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (employees younger than Plaintiff).

58. Plaintiff suffered multiple adverse employment actions including, but not limited

6

to being terminated as a result of Defendant's age based discrimination.

59. Defendant refused to rehire Plaintiff because of her age.

60. Instead, Defendant hired a younger individual to replace Plaintiff.

61. Defendant terminated Plaintiff's employment on the basis of Plaintiff's age.

62. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

63. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

    a. Back pay with interest;

    b. Payment of interest on all back pay recoverable;

    c. Front pay;

    d. Lost benefits;

    e. Liquidated damages;

    f. Compensatory and punitive damages;

    g. Reasonable attorneys' fees and costs;

    h. Award pre-judgment interest if applicable; and

    i. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 21st day of September, 2023.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*


/s/ *Travis P. Lampert*
**TRAVIS P. LAMPERT, ESQ.**
IL Bar No.: 99843
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 581-5456
Fax (630) 575-8188
tlampert@sulaimanlaw.com
*Attorney for Plaintiff*